## ISAAC C. BURRELL v. F. B. GOWEN ET AL.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF COLUMBIA COUNTY.

Argued April 16, 1890—Decided May 5, 1890.

In an action by a locomotive engineer against the railroad company, to re-
cover damages for injuries caused by the derailment of his engine, the
plaintiff's evidence failing to show that the accident was chargeable to
the company's negligence, it was not error to enter a judgment of nonsuit.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and Mc-
COLLUM, JJ.

No. 325 January Term 1890, Sup. Ct.; court below, No. 240
September Term 1885, C. P.

On September 12, 1885, Isaac C. Burrell brought case against
Franklin B. Gowen and Stephen A. Caldwell, surviving re-
ceivers of the Philadelphia & Reading Railroad Co., to recover
damages for personal injuries charged to the negligence of the
defendants. Issue.

At the trial on February 11, 1890, the plaintiff introduced
testimony showing that on October 21, 1882, about 5 o'clock in
the morning, he was the locomotive engineer upon a train of
defendants consisting of thirteen cars all loaded, running be-
tween East Mahanoy Junction and Catawissa; that, as they
were going at a speed of twelve miles an hour out of Ringtown
curve, the engine mounted the rail and dropped off the track
almost instantly, turning over on its right side, and that the
plaintiff was caught under the engine, where he was held for
one hour and forty minutes. To show the cause of the accident,
there was testimony that the outside rail was worn away one
fourth of an inch, as stated by some witnesses,—three fourths
of an inch, as stated by others. Other witnesses for plaintiff tes-
tified that the entire curve was in good condition. It was also
in evidence that the track was repaired two or three weeks be-
fore the accident, but there was no evidence that the trackmen
were incapable, or that there was negligence in the manner the
work was done. There was also evidence that a new rail or

rails was or were put in, at the place of the accident a short time after it.

At the close of the plaintiff's testimony, on motion of defendants' attorneys the court entered a judgment of nonsuit, with leave, etc. A rule to show cause why the judgment should not be lifted having been made and argued, the court, holding, first, that a verdict in favor of the plaintiff would be manifestly against the clear weight of the evidence, and that, if so found by the jury, it would have to be set aside by the court; second, that there was no evidence from which negligence might be inferred, or legally sufficient evidence to support a verdict if found by the jury; third, that the plaintiff did not prove a case more consistent with negligence than with the absence of it, discharged the rule, when the plaintiff took this appeal, assigning, inter alia, the order entering the judgment of nonsuit, and the order discharging the rule to show cause, etc., for error.

*Mr. Leoni Melick* and *Mr. John W. Wescott* (with him *Mr. John G. Freeze* and *Mr. C. E. Geyer*), for the appellant.

*Mr. S. P. Wolverton* (with him *Mr. W. H. Rhawn* and *Mr. G. S. Herring*), for the appellees.

PER CURIAM:

We have looked in vain through this record for any evidence which would have justified the learned court below in submitting to the jury the question of negligence on the part of the defendant company. It was not error, therefore, to nonsuit the plaintiff.

Judgment affirmed.